UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA HEARD,

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_______________________________/

CIVIL ACTION NO. 06-13299

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to March 31, 2000, when her insured status expired.

* * *

Plaintiff filed an application for Social Security disability insurance benefits on October 17, 2002, alleging that she had been disabled and unable to work since January 24, 1995, at age 40, due to fibromyalgia, carpal tunnel syndrome and an inability to handle stress. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on July 9, 2004, before Administrative Law Judge (ALJ) Alfred H. Varga. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work prior to March 31, 2000, when her insured status

expired. The Law Judge found that the claimant required a sit-stand option, and was unable to perform work requiring the repetitive use of her hands. The ALJ determined that the claimant was further limited to simple, routine tasks in low stress work environments that afforded limited contact with the public, co-workers and supervisors.  The ALJ further limited claimant to jobs that did not require any climbing or driving. He concluded that the claimant should avoid moving machinery and exposure to heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time her insured status expired.  She had a tenth grade education, and had been employed as a press operator in the automotive industry during the relevant past (TR 79, 348-349). As a press operator, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 20 pounds on a regular basis (TR 80).

Claimant stopped working in January 1995, due to fibromyalgia, carpal tunnel syndrome and an inability to handle stress (TR 348). She testified that periodic flare-ups of fibromyalgia prevented her from handling objects and remaining on her feet for prolonged periods (TR 351). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 353). Claimant estimated that she could sit for perhaps 30 minutes, walk one half block and lift just five pounds (TR 354-355).  She added that she needed to lie down several times a day to get any pain relief (TR 352-353). Plaintiff stated that she had trouble performing household chores and grocery shopping

(TR 351-352, 360). Other impairments which the claimant said prevented her from returning to work included crying spells and a poor memory (TR 356, 358-359).

A Vocational Expert, Raymond Dulecki, classified Plaintiff's past work as light, unskilled activity (TR 362). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 363). If she were capable of sedentary work, there were numerous unskilled assembly, packaging and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 364). These jobs provided a sit-stand option, and did not require any driving or climbing. They involved simple, routine tasks, and would not expose her to hazardous machinery or unprotected heights. These jobs were not fast paced, and did not require repetitive use of the hands (TR 363-364).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of carpal tunnel syndrome, fibromyalgia, tennis elbow and an inability to handle stress, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. He further found that Plaintiff was restricted to simple, routine tasks in low stress work environments with limited contact with the public, co-workers and supervisors. The ALJ further limited claimant to jobs that did not require any climbing, driving or exposure to dangerous machinery and unprotected heights. He

[1]The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 363).

limited Plaintiff to jobs that were not fast paced and did not require lifting more than ten pounds on a regular basis. Judge Varga determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations prior to March 31, 2000, when her insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2006).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured.  42 U.S.C. § 416(I)(2).  The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on March 31, 2000, and thus she cannot be found disabled unless she can establish a disability prior to that date.  Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982).  Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to March 31, 2000, when her insured status expired, in order to be entitled to DIB benefits.  Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that was not fast paced, and did not require the lifting of more than ten pounds on a regular basis. The medical evidence, as a whole, failed

to provide objective support for Plaintiff's allegations of severe and totally disabling pain prior to March 31, 2000, when her insured status expired.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record between January 1995, the alleged onset date of disability, and March 2000, document routine medical care for such ailments as diffuse joint pain and abnormal sensation in her extremities (TR 126-128, 132-133, 135, 140, 147, 153). Prior to the expiration of Plaintiff's insured status, Dr. Allan Morton, a treating physician, recommended home physical therapy that included specific exercises to help alleviate her discomfort (TR 135, 147). In a report dated May 4, 1999, the treating doctor stated that home exercises had successfully reduced claimant's joint pain. Dr. Morton suggested that Plaintiff continue with her current therapy, as she was "responding in an adequate way" (TR 153) The doctor did not believe that any treatment changes were clinically indicated (TR 153).

Dr. Morton submitted an updated report in May 2002, two years after claimant's insured status expired, stating that the claimant did not have significant weakness in her hands (TR 158). The treating doctor added that the swelling of claimant's hands and feet occurred only intermittently (TR 158). According to Plaintiff, the only limitation imposed by Dr. Morton at this time was to refrain from doing all her housework in one day, and to rest whenever she felt tired (TR 95).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in

determining that Plaintiff was not disabled. Despite allegations that she suffered from severe pain radiating throughout her body, Dr. Morton reported in March 2000, that claimant's carpal tunnel syndrome and fibromyalgia did not result in any hand weakness (TR 154). The treating doctor also stated that Plaintiff had full range of cervical spine motion (TR 155). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require repetitive use of her hands or the lifting of more than ten pounds on a regular basis.

Plaintiff relies heavily upon the fact that Dr. Morton found her incapable of performing gainful employment in May 2002 (TR 158). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Morton offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[2]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these

---

[2]Dr. Morton prefaced his disability opinion in May 2002, by stating that it was based primarily upon claimant's subjective complaints (TR 158). The statement was made almost two years after the expiration of insured status. It clearly does not represent Dr. Morton's opinion of claimant's condition prior to March 31, 2000. Thus, even if his opinion was adequately supported as of May 2002, it is not probative as to whether the claimant was disabled as of March 2000. Similarly, the May 2004, disability opinion offered by Tom Verkest, a treating psychologist, was properly rejected as it was made well after the expiration of claimant's insured status and was not supported by objective clinical evidence (TR 235).

circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work.

Considering the possible side effects of medication and anxiety, the ALJ also determined that the claimant was limited to simple, routine tasks that did not expose her to dangerous machinery or unprotected heights (TR 35). There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to March 31, 2000, were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's mental impairment limited her to low stress, simple, routine jobs requiring limited contact with the public, co-workers and supervisors (TR 364). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

unskilled assembly, packaging and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 364). These jobs provided a sit-stand option, and did not require any driving or climbing. They involved simple, routine tasks, and would not expose Plaintiff to hazardous machinery or unprotected heights. These jobs were not fast paced, and did not require repetitive use of the hands (TR 363-364). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity prior to March 2000.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: January 19, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 19, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 19, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217