UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA HEARD,

  PLAINTIFF,

v.                CASE NO. 06-13299

COMMISSIONER OF SOCIAL SECURITY,  HONORABLE SEAN F. COX

  DEFENDANT.
_____/

## OPINION & ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

  This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Donald Scheer on January 19, 2007, relating to the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Scheer recommends that the Commissioner's motion be granted and that the Plaintiff's motion be denied. For the reasons that follow, the Court overrules the objections filed by Plaintiff and shall adopt the R&R.

### BACKGROUND

  Plaintiff Sheila Heard brought this action under 42 U.S.C. §405(g) seeking review of the denial of her application for Social Security Disability Benefits. Thereafter, both parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Scheer pursuant to 28 U.S.C. §636(b)(1)(B) & (C). On January 19, 2007, Magistrate Judge Scheer issued his R&R which recommends that Plaintiff's Motion for Summary Judgment be denied. It further recommends that Defendant's Motion for Summary Judgment be granted.

  Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

1

matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely objections to the R&R on January 25, 2007.

ANALYSIS

In her objections, Plaintiff appears to assert that while the Magistrate Judge noted that fibromyalgia "does not usually lend itself to objective medical verification," he "contradicted" himself by nevertheless basing his decision on a lack of objective evidence of disability. (*See* Objs. at 2).

While Magistrate Judge Scheer did note that fibromyalgia does not usually lend itself to objective medical verification, he also explained that:

> **the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff is not disabled**. Despite allegations that she suffered from severe pain radiating throughout her body, Dr. Morton reported in March 2000, that claimant's carpel tunnel syndrome and fibromyalgia did not result in any hand weakness (TR 154). The treating doctor also stated that Plaintiff had full range of cervical spine motion (TR 155). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require repetitive use of her hands or the lifting of more than ten pounds on a regular basis.

(R&R at 6-7)(emphasis added). Accordingly, the Court finds this first objection to be without merit.

Next, Plaintiff asserts that the Magistrate Judge should not have rejected Dr. Morton's opinions as he did in the R&R because the opinion of a treating physician is entitled to deference when it is uncontradicted and supported by substantial medical evidence.

2

As explained in the R&R, "Dr. Morton prefaced his disability in May 2002, by stating that **it was based primarily upon claimant's subjective complaints**." (R&R at 7 n.2)(emphasis added)(*see also* TR at 15). Moreover, the statement was made almost two years **after** the expiration of insured status and does not represent Dr. Morton's opinion of Plaintiff's condition prior to March 31, 2000.[1] (*Id*.) "Thus, even if his opinion was adequately supported as of May 2002, it is not probative as to whether the claimant was disabled as of March 2000." (*Id*.) The Court therefore rejects this second objection.

Plaintiff also objects to the Magistrate Judge's rejection of opinions of Dr. Morton and Tom Verkest, a treating psychologist, as set forth in footnote 2 on page 7 of the R&R. Plaintiff asserts that while the reports at issue are dated after the expiration of Plaintiff's insured status, their content addressed her medical conditions during her insured status.

Although the reports indicate that Plaintiff had been treated prior to March 2000, they provide no opinions as to whether Plaintiff was disabled as of March 2000. Indeed, Mr. Verkest's May 26, 2004, by its terms, limits his opinion regarding disability to May 26, 2004. (*See* TR at 285, wherein Mr. Verkest's May 26, 2004 letter states that "[i]t is my professional opinion, **that at this time**, [Plaintiff] may not be able to handle full-time employment."). The Court therefore rejects this objection, and concludes that the Magistrate Judge properly determined that Dr. Morton's May 14, 2002 opinion, and Mr. Verkest's May 26, 2004 opinion, are not probative as to a finding of disability as of March 2000.

The Court further concludes that Plaintiff's remaining objections are also without merit

---

[1] It is undisputed that because Plaintiff is only insured for disability benefits through March 31, 2000, she must prove that she was disabled prior to March 31, 2000. (TR at 28).

and the Court shall therefore adopt the R&R.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the January 17, 2007 R&R**. IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2007, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager